(20 App. Div. 19.)

### BALDWIN v. KELLY.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

CONTRACTS—EVIDENCE.
    In an action involving a building contract, in which no price was fixed, but plaintiff, the builder, was to be paid as upon quantum meruit, when plaintiff had given evidence of the value of the work and material, which had not been contradicted by defendant, but both parties had given evidence of the value of the completed structure, *held*, that the court would be justified in giving judgment for the value of the work and material, according to plaintiff's evidence, but no one except plaintiff could complain of a judgment somewhat reduced from this amount, in accordance with some of the evidence as to value of the completed structure.

Appeal from special term.

Action by Frank Baldwin against William Kelly. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

David K. Case, for appellant.

H. A. Monfort, for respondent.

GOODRICH, P. J. The action is brought to foreclose a mechanic's lien. The defendant was the owner of a house and lot at Rockaway Beach, and made a contract with the plaintiff to build an addition to the house already upon the lot. The parties differ in their testimony as to the terms of the agreement. The plaintiff offered testimony tending to show that he had done work for the defendant before this time, and that they went together, and staked out on the ground the dimensions of a building to be erected as an extension to the house already on the lot, and that for this work the defendant agreed to pay him $3,500; that afterwards the defendant concluded to increase the size and character of the extension, and, still later, to have the old house removed, and a new and larger one built, and he and the plaintiff together staked off the dimensions of the new house to take its place; that there was no price agreed upon for the entire work; that defendant told him to go ahead, and do the work; that plaintiff removed the old house, and built both the extension and new house, larger in breadth, width, and height than that originally intended. The defendant offered testimony tending to show that the plaintiff agreed to build the entire structure and remove the old house for $3,500. The plaintiff offered in evidence a bill of particulars, and testified to its correctness as to materials and labor. This bill included $75 for painting a barn, $50 for building a manure pit, and $70 paid for insurance premium, and these items are admitted by defendant to be correct. The total amount was $5,864.27, upon which there had been paid by the defendant, in cash, $3,789.32, and there was credited $125 for a horse sold by the defendant to the plaintiff, and $350 as the value of the old house removed by the plaintiff. The balance of the bill was $1,599.95. The court found that the work was done at the request of the defendant, without mentioning in the findings any agreement fixing a price for any part of it, and that the work was worth $5,494.32, on which the defendant had paid, including the old house, the value of which he found to be $400, the sum of $4,244.32, leaving still due $1,250, for which sum he gave the plaintiff a judgment. The value of the work and materials having been proven by the plaintiff, the defendant omitted to give any testimony to disprove it. Each party, however, offered evidence to prove the value of the completed structure. The plaintiff's evidence showed the value to be from $5,900 to $6,200, and at the close of the evidence the defendant had offered no testimony as to the value of the work and materials. The court suggested that there was no proof of such value, evidently referring to the defendant's failure to prove anything in regard to it, and that he must assume

that it was worth what the plaintiff claimed, whereupon the defendant's counsel stated that his client had only made one agreement with the plaintiff, viz. to pay him $3,500 for the whole work. The court inquired whether he expected to get a house worth $6,000 for $3,500, and the counsel answered that the defendant had made an offer to submit the matter to two builders, and pay whatever was the difference in valuation. The court again suggested that the defendant ought to make some proof of value, whereupon the defendant called a witness, who testified that the value was $5,000. I think that upon all the evidence the learned court was justified in finding that, although there was originally an agreement to put up the extension for $3,500, this agreement was abrogated by the subsequent negotiation, and that there was no contract price fixed when the work began, but that the plaintiff was to be paid as for quantum meruit; and this is also confirmed by the fact that during the transactions the defendant paid the plaintiff in cash a sum considerably larger than the $3,500. The plaintiff was, therefore, put to his proof as to the value of work and materials, and the value as stated by him was not contradicted by the defendant. The learned justice would have been justified in giving the plaintiff judgment for the difference between $5,864.27, the value of work and material as proved, and the amounts of the credits, $4,264.32, viz. $1,599.95, but he was probably influenced by the evidence on both sides as to the value of the completed work, and consequently reduced somewhat his estimate of the value of the work and materials, of which finding only the respondent can complain.

Upon the evidence we see no reason to review his conclusions, and affirm the judgment. All concur.